The opinion of the Court was delivered by
Withers, J.
By provision of the second section of the Act of Assembly of 1845, (11 Stat. 346,) “ all persons now practising, or who may hereafter practice, medicine or surgery, and who shall have graduated and received a diploma from any regularly organized Medical College within the United States, shall he entitled to charge, sue for and collect for their services, in the same manner as the graduates of the Medical College of South Carolina.”
*274 The plaintiff produced what purported to be a diploma from a chartered institution in Pennsylvania, a Homoeopathic Medical College. The question is, did the parchment prove itself, or must there have been evidence of the genuineness of the impression of the seal, in order that it might appear that the party plaintiff was a graduate of, and had received a diploma, from a regularly organized Medical College in Pennsylvania.
It is laid down by Phillips, vol. L, p. 386, that the' seal of a corporate body ought to. be proved by a witness acquainted with the impression. The authority cited, Moises vs. Thornton, 3 T. R. 303, fully maintains the proposition. A case is referred to therein, by Lord Kenyon, where the corporation books of the University of Oxford were produced to prove the title of a party as Doctor of Laws, as being the primary or highest evidence of such a fact; and he thought that was the degree and description of evidence necessary in such cases. But the Court did not go so far as that, in the cáse of Moisés vs. Thornton; and we should regard the diploma from such a College as our Act describes, as primary or original evidence, when the Court is instructed by sufficient evidence that the corporate seal has authenticated the paper adduced as a diploma. Upon that proof, it would be proper to hold that prima facie, the seal had been legitimately used by authority of the corporation. Obviously it would involve dangerous consequences to admit such a paper as was offered here, as carrying on its face the proof of its genuineness. Such is the multiplication of corporations, and such the multiplication of their varieties in these States, that the guards against imposition to be derived from the rule already exhibited, become more and more necessary. We must not, therefore, allow to be obliterated the distinction between the intrinsic credit to be attached to the seals of the States of the confederacy, of public Courts of Justice and of Record, and the seals of *275 corporations, which has always existed at Common Law, and which is recognized in the Constitution of the United States.-
The cases in the American books of reports are numerous which recognize the rule laid down, and the distinction adverted to. It is unnecessary to cite them.
As to the argument, ab inoonvenienti, it cannot furnish a legal principle, nor can it control any established conservative legal policy. Tet it may be aptly observed, -that the inconvenience may be avoided by procuring a license to practise medicine from an ■ existing authority in this State; nor is it supposed to be difficult to do by those who can shew meritorious claims.
We think, therefore, the nonsuit, for want of evidence, was correctly imposed upon the plaintiff by the Circuit Court, and the motion is dismissed.
O’Neall, Whither, Glover, and Muhro, JJ., concurred.
Wardlaw, J., absent.

Motion dismissed*